UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO. 08-60111-CIV-GRAHAM

| | |
|---|---|
| ROBERT D. DANCE, | Deadline to file substantive pretrial motions: __/__/__ |
| Plaintiff, | Deadline for resolution of substantive Pretrial Motions: __/__/__ |
| vs. | Pretrial Conference: __/__/__ |
| | Trial Date: __/__/__ |
| LEVITT CORP., ALAN B. LEVAN, and GEORGE P. SCANLON, | No. of extension requests:____ |
| | Referred to Magistrate:Yes/No |
| Defendants. | |
| _____/ | |

**[Proposed] Scheduling Order**

Pursuant to Fed. R. Civ. P. Rules 16(b) and 26, the parties to the above-entitled action jointly submit this [Proposed] Scheduling Order:

1. **Amendment of Pleadings**: Pursuant to the Court's order of August 11, 2009, plaintiff shall file a second amended complaint on or before September 11, 2009. Subsequently, any motions to amend the pleadings shall be governed by the Federal Rules of Civil Procedure.

2. **Case Management Track**: Pursuant to S.D. Fla. Local Rule 16.1.A.2, the parties agree that this case should proceed on the Complex Track.

3. **Timing of Entry of Scheduling Order in Light of Stay of Proceedings In the Event of a Motion to Dismiss a Second Amended Complaint.**

    a. **Defendants' Position:** In the event plaintiff files a second amended complaint, defendants will likely file a motion to dismiss the second amended complaint. Pursuant to the provisions of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C.

§ 78u-4(b)(3)(B), discovery in this case will therefore again be stayed. Given this statutorily mandated stay, and because the specific contours of the operative complaint in this case will not be known until after the Court rules on any motions to dismiss, defendants believe that the pretrial deadlines in this case should be deferred until 30 days from the date of any order which denies defendants' motion to dismiss in its entirety. Accordingly, defendants believe that all pretrial procedures and disclosure obligations under Fed. R. Civ. P. 16 and 26, and Local Rules 16.1 and 26.1, should be deferred until 30 days from the date of any order which denies defendants' motion to dismiss in its entirety. Permitting discovery to proceed at this time, when it is highly likely that a statutory stay will soon again be mandated, would be improper and inconsistent with the PSLRA. Scheduling the case in the manner suggested by defendants will allow for more efficient and narrowly tailored discovery and pretrial proceedings.

   **b.**   **Plaintiff's Position:** The Court has ruled in its August 11, 2009 Order that plaintiff has stated claims against defendants Levitt Corp. and Alan Levan. This case will proceed against those defendants regardless of whether plaintiff files a second amended complaint to address deficiencies identified by the Court in its August 11, 2009 Order, and even regardless of whether the Court ultimately dismisses any additional allegations in a second amended complaint meant to cure those deficiencies. The purpose of the PSLRA stay provision is no longer served by staying this case now that the Court has determined that the case will continue past the pleading stage. Therefore, plaintiff's position is that discovery should commence and the case generally should proceed according to the schedule set forth herein.

   **c.**   **Time for Resolution:** At this time, plaintiff is considering whether to file a second amended complaint. The parties believe that entry of a scheduling order and other proceedings should be deferred until such time as (i) plaintiff chooses not to amend his

2

complaint (in which case the issue of the stay will be moot) or (ii) if he does file an amended complaint, following the briefing and ruling on the stay issue in connection with any motion to dismiss which is filed. The parties would be glad to discuss this matter further with the Court at the upcoming scheduling conference.

      **d.**    **Class Certification**: Plaintiff shall move for class certification pursuant to Fed. R. Civ. P. 23 within three (3) months after the Court enters this order. At that time, the parties will confer on a schedule for briefing.

**4.**    **Discovery**

      **a.**    **Fact Discovery**:

          i.    Defendants believe pretrial procedures and disclosure obligations under Fed. R. Civ. P. 16 and 26, and Local Rules 16.1 and 26.1, should be deferred until thirty (30) days from the date of any order which denies defendants' motion to dismiss in its entirety.

          ii.    Plaintiff believes pretrial procedures and disclosure obligations under Fed. R. Civ. P. 16 and 26, and Local Rules 16.1 and 26.1 should begin to run fourteen (14) days after the Court enters this order.

          iii.    Plaintiffs may serve discovery requests on or after fourteen (14) days after the parties' exchange initial disclosures.

          iv.    Fact discovery shall be complete within twelve (12) months of fact discovery beginning.

      **b.**    **Electronically-Stored Information**: The parties will attempt to reach agreement concerning the production of electronically-stored information.

    c.    **Expert Discovery:**

        i.    Exchange of expert reports in accordance with Fed. R. Civ. P. 26(a)(2) by all parties will be made sixty (60) days after the close of fact discovery.

        ii.    Exchange of rebuttal reports by all parties will be made forty-five (45) days after the exchange of expert reports.

        iii.    Depositions of all parties' experts will take place within forty-five (45) days after exchange of the rebuttal reports.

5.    **Joinder of Parties**: The deadline for joining additional parties is ninety (90) days prior to the close of fact discovery.

6.    **Dispositive Motions**: All dispositive motions other than motions in limine must be filed within sixty (60) days after the close of all discovery.

7.    **Pretrial Conference**: To be determined.

8.    **Trial Date**: To be determined.

9.    **Rules of Practice**: The Court's Individual Rules of Practice shall govern all motions and applications.

Respectfully submitted,

| | |
|---|---|
| BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO<br>Esperanté Building, Suite 900<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>Telephone: (561) 835-9400<br>Facsimile: (561) 835-0322<br><br>s/ Manuel J. Dominguez<br>Manuel J. Dominguez<br>Florida Bar No. 0054798<br>jdominguez@bermandevalerio.com<br><br>*Liaison Counsel for the Class*<br><br><br>Daniel Hume, *pro hac vice*<br>dhume@kmllp.com<br>Ira M. Press, *pro hac vice*<br>ipress@kmllp.com<br>KIRBY McINERNEY LLP<br>825 Third Avenue, 16th Floor<br>New York, NY 10022<br>Telephone: (212) 371-6600<br>Facsimile: (212) 751-2540<br><br>*Lead Counsel for the Class* | STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, Florida 33130<br>Telephone: (305) 789-3200<br>Facsimile: (305) 789-3395<br><br>s/ Eugene E. Stearns<br>EUGENE E. STEARNS<br>Florida Bar No. 149335<br>estearns@swmwas.com<br>RICHARD B. JACKSON<br>Florida Bar No. 898910<br>rjackson@swmwas.com<br>ADAM M. SCHACHTER<br>Florida Bar No. 647101<br>aschachter@swmwas.com<br>GORDON M. MEAD, JR.<br>Florida Bar No. 49896<br>gmead@swmwas.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2009, I filed the foregoing document electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service list via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>s/ Gordon M. Mead, Jr.</u>
Gordon M. Mead, Jr.

## SERVICE LIST

*Dance v. Levitt Corp., et al.*
CASE NO. 08-CIV-60111-GRAHAM
United States District Court for the Southern District of Florida

David Hume
dhume@kmllp.com
Ira M. Press
ipress@kmllp.com
KIRBY McINERNEY LLP
830 Third Avenue, t10th Floor
New York, NY 10022
Tel: (212) 371-6600
Fax: (212) 751-2540

*Lead Counsel and Attorneys for Plaintiffs*

Jay W. Eng
jeng@bermanesq.com
Michael J. Pucillo
mpucillo@bermanesq.com
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
Esperanté Building, Suite 900
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 835-9400
Fax: (561) 835-0322

*Liaison Counsel and Attorneys for Plaintiffs*

Paul J. Geller
pgeller@csgrr.com
Jack Reise
jreise@csgrr.com
David J. George
DGeorge@csgrr.com
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
Telephone: (561) 750-3000
Facsimile:   (561) 750-3364

*Attorneys for Plaintiff*

Samuel H. Rudman
srudman@csgrr.com
David A. Rosenfeld
drosenfeld@csgrr.com
Mario Alba, Jr.
malba@csgrr.com
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 2600
Melville, New York 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

*Attorneys for Plaintiff*