# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 08-CIV-60111-GRAHAM/TURNOFF

ROBERT D. DANCE, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

LEVITT CORPORATION (*d/b/a* WOODBRIDGE
HOLDINGS, LLC), and ALAN B. LEVAN,

      Defendants.

_____/

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
# TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Eugene E. Stearns
Richard B. Jackson
Adam M. Schachter
Gordon M. Mead, Jr.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 789-3200
Facsimile:   (305) 789-3395
*Attorneys for Defendants*

Defendants Woodbridge Holdings, LLC[1/] and Alan Levan respectfully submit this memorandum of law in opposition to Plaintiff's motion for class certification.

## I.      INTRODUCTION

Lead Plaintiff Robotti & Company, LLC ("Robotti") and Robotti & Company Advisors, LLC ("Robotti Advisors") (together, the "Robotti Companies") – a broker-dealer and an investment adviser, respectively – do not have constitutional standing under Article III to pursue the securities claims in this case.  Although the Robotti Companies appear to have "acquired" shares of Levitt Corporation during the proposed class period, it is clear they did so, not for their own account, but solely on behalf of, and for the benefit of, their clients.  Thus, the Robotti Companies do not possess the requisite standing to pursue the alleged fraud claims in this case, much less represent a class of investors who would have such a claim (if it existed).

Consequently, pursuant to the Second Circuit's recent decision in *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), and its progeny, this Court must deny the motion for class certification, as the Robotti Companies do not satisfy the adequacy or typicality requirements of Rule 23.  This Court should also vacate its July 7, 2008 Order appointing the Robotti Companies as Lead Plaintiff (DE 17) since constitutional standing is a threshold jurisdictional requirement, without which the Robotti Companies cannot serve as Lead Plaintiff.

---

[1/] In May 2007, Levitt Corporation changed its name to Woodbridge Holdings Corporation. As of September 21, 2009, Woodbridge Holdings Corporation was merged with and into Woodbridge Holdings, LLC, a wholly-owned subsidiary of BFC Financial Corporation.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.
Museum Tower  ▪  150 West Flagler Street, Suite 2200  ▪  Miami, FL 33130  ▪  (305) 789-3200

## II.    BACKGROUND

This case was commenced on January 25, 2008.  The original Complaint (DE 1) was a bare-bones pleading, appearing to be more of an exercise in word processing than a meaningful attempt to allege securities laws violations.  Copying almost verbatim the language out of certain of Levitt's public filings, the Complaint casually alleges that the drop in Levitt's stock price was a product of its failing to disclose certain information regarding both its subsidiary Levitt & Sons and a proposed merger between Levitt and BFC Financial Corporation.  Pursuant to the provisions of the Private Securities Litigation Reform Act of 1995, however, it was merely a placeholder, serving its role as an invitation for other lawyers to try to make a case for securities fraud.

Unlike most securities class actions where there is a parade of lawyers seeking the lead plaintiff designation for their client, here there was only one.  On March 25, 2008, the Robotti Companies moved for appointment as lead plaintiff and approval of their counsel, Kirby McInerney, as lead counsel.  *See* DE 9.  The motion, *inter alia*, asserted that "Robotti purchased 432,650 shares of Levitt stock" during the proposed class period.  *Id.* at 7.  Although the motion itself made no mention of the fact that the Robotti Companies purchased the shares in a representative capacity, Counsel's supporting declaration hinted at it:

> Robotti & Company, LLC ("Robotti") manages the investments in question on a fully discretionary basis.  Robotti is authorized to act as attorney-in-fact with respect to the investments, and has full authority to make all investment decisions as well as authority to bring suit to recover investment losses.

DE 10 at 13.  The declaration included the same language with respect to the Levitt stock owned by Robotti Advisors. *See id.* at 16.

Defendants' response made clear that the underlying allegations of wrongdoing are false, but took no position with respect to the motion. *See* DE 12.  No other persons sought appointment as

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.
Museum Tower  ▪  150 West Flagler Street, Suite 2200  ▪  Miami, FL 33130  ▪  (305) 789-3200

lead plaintiff.  Thus, on July 7, 2008, the Court granted the Robotti Companies' motion, appointing them as Lead Plaintiff and approving their selection of Lead and Liaison counsel. *See* DE 17.

On September 3, 2008, the Robotti Companies filed an Amended Complaint. *See* DE 22. That pleading alleged that the Robotti Companies "acquired 432,650 shares of Levitt stock on behalf of their advisory clients and discretionary accounts." *Id.* ¶ 21.  Defendants moved to dismiss the Amended Complaint on October 30, 2008.  *See* DE 30.  On August 10, 2009, the Court granted in-part and denied in-part the motion to dismiss, dismissing one of the two individual Defendants as well as several of the alleged misleading statements. *See* DE 43.

On September 18, 2009, the Robotti Companies filed a Second Amended Complaint to conform with the rulings in the Court's dismissal Order.  *See* DE 51.  The new pleading repeated the same allegation with respect to the Robotti Companies' acquisition of Levitt stock.  *See id.* ¶ 21.  On October 29, 2009, Defendants filed their Answer and Affirmative Defenses to the Second Amended Complaint, denying the principal allegations and asserting various defenses, including, *inter alia*, Plaintiffs' lack of standing. *See* DE 58.

On April 9, 2010, the Robotti Companies moved for class certification, seeking to have itself appointed class representative and its counsel as class counsel. *See* DE 67. The memorandum of law stated that the Robotti Companies "purchased a total of 432,650 shares of Levitt stock" during the proposed class period, though it made no mention of the representative capacity in which it purchased those shares. DE 68 at 10.   Since moving for class certification, the Robotti Companies have produced documents in response to Defendants' request for production, and Robert Robotti, the corporate representative of the Robotti Companies with the most knowledge regarding this lawsuit, has been deposed.[2/]

---

[2/] A true and correct copy of the deposition transcript of Robert Robotti is attached as Exhibit A and is cited herein as "Robotti Depo."

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## III.    ARGUMENT

On December 3, 2008 – several months after this Court appointed the Robotti Companies as Lead Plaintiff (*see* DE 17) and after Defendants had filed their motion to dismiss (*see* DE 30) – the Second Circuit Court of Appeals held that an investment adviser lacks Article III standing to assert securities claims on behalf of its clients because the adviser had not suffered an injury-in-fact.[3] *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008). Relying upon a Supreme Court decision, *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008), the Second Circuit concluded that the "minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim." *Huff*, 549 F.3d at 108. While *Huff* was not a class action lawsuit, the ramifications for investment advisers in securities class actions has been significant. *See, e.g.,* Samuel H. Rudman, *Meaning of Second Circuit's "W.R. Huff" for Investment Advisers*, N.Y.L.J. (Jan. 30, 2009) ("*Huff* limits the ability of investment advisers who suffered no direct injury to serve as lead plaintiffs in securities class actions").

Numerous courts (both from within the Second Circuit and elsewhere) have applied *Huff* in refusing to allow investment advisers to prosecute securities class actions.[4] In *In re SLM Corp. Sec.*

---

[3] An "injury-in-fact" is one of three requirements a plaintiff must show to establish constitutional standing under Article III, the other two being causation and redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Failure to satisfy these case or controversy requirements deprives a federal court of jurisdiction over the subject matter, and thus such issues are never waived and must always be addressed by the courts. *See Ledford v. Peeples*, No. 06-10715, 2010 WL 1796568, at n. 85 (11th Cir. May 6, 2010).

[4] Although not a securities class action, Judge Marra recently adopted *Huff*, finding that a plaintiff who proceeds "as attorney in fact lacks Article III standing" to bring the case. *Kleopa v. Prudential Inv. Mgmt., Inc.*, No. 08cv81386, 2009 WL 2242606, at *4 n. 5 (S.D. Fla. Jul. 27, 2009) (citing *Huff* and internal quotations omitted). Pre-*Huff*, Judge Dimitrouleas appointed an investment adviser as a lead plaintiff in a securities class action. *Miller v. Dyadic Int'l, Inc.*, No. 07cv80948, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008). *Miller*, however, not only predates *Huff*, it relies upon many of the Southern District of New York decisions that were expressly

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

*Litig.*, 258 F.R.D. 112 (S.D.N.Y. 2009), for example, Judge Pauley reconsidered his lead plaintiff determination in the wake of *Huff*, noting that courts "have a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of class members." *Id.* at 114 (citation omitted).  Judge Pauley concluded that, pursuant to *Huff*, the investment adviser he had previously appointed as lead plaintiff does not have Article III standing, and thus it "no longer satisfies the adequacy or typicality requirement – it faces unique legal issues that other class members do not." *Id.* at 116.   Several months later, in *In re Imax Sec. Litig.*, No. 06cv6128, 2009 WL 1905033 (S.D.N.Y. Jun. 29, 2009), Judge Buchwald echoed these same concerns with respect to having an investment adviser represent the proposed class:

> irrespective of whether the assignments of claim cure Westchester Capital's deficient Article III standing, Westchester Capital now faces unique legal issues that other class members do not.  Were we to permit it to continue as lead plaintiff, it is possible that these issues could ultimately severely prejudice the class, either at the class certification stage or on subsequent appeal. There seems little reason for us to subject the class members to such a risk.

2009 WL 1905033, at *3 (internal citations and quotations omitted).  *See also, e.g., Baydale v. Am. Express Co.*, No. 09cv3016, 2009 WL 2603140 (S.D.N.Y. Aug. 14, 2009) (declining to appoint an investment adviser as lead plaintiff); *Northstar Fin. Advisers, Inc. v. Schwab Invs.,* 609 F. Supp. 2d 938, 942 (N.D. Cal.2009) ("Under *Huff,* which this Court finds persuasive, [the plaintiff] cannot bring claims on behalf of its clients simply by virtue of its status as an investment advisor."); *In re Bard Associates,* Inc., No. 09-6243, 2009 WL 4350780 (10th Cir. Dec. 2, 2009) (denying investment

---

overturned by *Huff*.  Even more importantly, though, *Miller* predates *Sprint*, the Supreme Court decision upon which the Second Circuit principally relied in *Huff*.  *See Huff*, 549 F.3d at 108 ("*Sprint* therefore implicitly supports the holding . . . that a mere power of attorney – i.e., an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor – does not confer standing to sue in the holder's right because a power-of-attorney does not transfer an ownership interest in the claim").

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

adviser's petition for writ of mandamus based on *Huff*).

This Court should also adopt the reasoning in *Huff*.   It is now an undisputed fact that neither Robotti nor Robotti Advisors has suffered an injury-in-fact with respect to the claims asserted in this lawsuit. The deposition testimony on this point could not be clearer:

Q. I will ask it again. Did Robotti & Company, LLC itself own shares of Levitt Corporation during the class period?

A. We did not have an economic interest for our own account and therefore did not have a pecuniary interest in shares during the subject period.

Q. Did Robotti & Company Advisors, LLC itself own shares of Levitt Corporation during the class period in this lawsuit?

A. Robotti & Company Advisors, LLC for its own economic interest as the beneficial owner did not own shares during this period.

Robotti Depo. at 46, lines 14-22 (form objection omitted); 47, lines 4-11. It is equally clear, therefore, that the Robotti Companies do not satisfy the typicality or adequacy requirements of Rule 23, as both entities face fundamental standing and jurisdictional issues that other class members do not.

This requires denial of the present motion for class certification.[5/]   The denial of class

_____

[5/] Indeed, "prior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing" to raise the claims asserted. *Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001) (quoting *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). The party invoking federal jurisdiction bears that burden of proving the essential elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "It is not enough that 'the [plaintiff]'s complaint sets forth facts from which [the court] can imagine an injury sufficient to satisfy Article III's standing requirements.'" *Elend v. Basham*, 471 F.3d 1199, 1206 (11th Cir. 2006) (quoting *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000)).  The court "should not speculate concerning the existence of standing, nor should [it] imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none . . . . If the plaintiff fails to meet its burden, th[e] court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Elend*, 471 F.3d at 1206 (quoting *Miccosukee*).

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.
Museum Tower  ▪  150 West Flagler Street, Suite 2200  ▪  Miami, FL 33130  ▪  (305) 789-3200

-8-

certification, however, is not the only required consequence of the Robotti Companies' lack of standing.  As the foregoing case law makes clear, the Robotti Companies should also not be permitted to continue as the Lead Plaintiff in this action. This Court should, therefore, vacate its Order that appointed them Lead Plaintiff.

## IV.   CONCLUSION

For the foregoing reasons and on the foregoing authorities, Plaintiff's motion for class certification should be denied.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.

Museum Tower  ▪  150 West Flagler Street, Suite 2200  ▪  Miami, FL 33130  ▪  (305) 789-3200

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 789-3200
Facsimile:   (305) 789-3395


 s/ Eugene E. Stearns
EUGENE E. STEARNS
Florida Bar No. 149335
estearns@stearnsweaver.com
RICHARD B. JACKSON
Florida Bar No. 898910
rjackson@stearnsweaver.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@stearnsweaver.com
GORDON M. MEAD, JR.
Florida Bar No. 49896
gmead@stearnsweaver.com
*Attorneys for Defendants*

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or other approved means.

s/ Adam M. Schachter
ADAM M. SCHACHTER

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.
Museum Tower  ▪  150 West Flagler Street, Suite 2200  ▪  Miami, FL 33130  ▪  (305) 789-3200

-11-

## SERVICE LIST

*Dance v. Levitt Corp., et al.*
CASE NO. 08-CIV-60111-GRAHAM/TURNOFF
United States District Court for the Southern District of Florida

Manuel J. Dominguez
mdominguez@bermandevalerio.com
Michael J. Pucillo
mpucillo@bermandevalerio.com
BERMAN DeVALERIO
4280 Professional Center Dr.
Suite 350
Palm Beach Gardens, FL 33410
Tel: (561) 835-9400
Fax: (561) 835-0322
*Attorneys for Plaintiff*

Daniel Hume
dhume@kmllp.com
Ira M. Press
ipress@kmllp.com
Mark Strauss
mstrauss@kmllp.com
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600
Fax: (212) 751-2540
*Attorneys for Plaintiff*

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200